UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**  
**J. MARK COULSON**  
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**  
**BALTIMORE, MARYLAND 21201**  
**Phone: (410) 962-4953 Fax: (410) 962-4953**  
**E-mail: mdd_jmcchambers@mdd.uscourts.gov**

**MEMORANDUM TO COUNSEL CONCERNING DISCOVERY**

Many members of our bar have expressed concern about the obstacles our Local Rules and practices present to timely, efficient, and inexpensive resolution of discovery disputes. To address these concerns, and to promote the just, speedy, and inexpensive resolution of this case, I have implemented the following policy as a substitute for Local Rule 104.8. Accordingly, please do not file any discovery motions until this process has been followed and I advise you that formal briefing is necessary.

At the outset, Counsel are reminded of their obligation to cooperate in conducting discovery, as well as to limit the cost of discovery so that it is proportional to what is at issue in the case. In the event of a disagreement involving discovery, **prior to requesting Court intervention**, Counsel are to confer with each other and attempt to resolve or narrow the dispute. If issues remain, Counsel may:

1. File a **joint brief letter** (not to exceed one page) advising me that you would like me to resolve a discovery dispute and confirming that you have attempted to resolve it on your own and that you have held a Local Rule 104.7 conference. **Note:** this requirement contemplates a discussion between counsel, *not simply an email exchange.*

2. Within twenty-hour (24) hours of sending the aforementioned letter, counsel involved in the discovery dispute may file and serve on all parties, succinct letters (not to exceed three pages, single spaced) summarizing their respective positions. These should also be emailed to my chambers in addition to being filed on CM-ECF. No reply is to be filed unless requested by the Court.

3. Upon review of these letters, the Court will likely schedule an expedited telephone conference to discuss the dispute and determine whether the issues may be resolved or otherwise addressed without the need for formal briefing. If so, my chambers will contact you with a timeframe for when I am available for a conference call. It is the responsibility of **Plaintiff's** Counsel to arrange the conference call at the prescribed time and provide the Court with such information.

4. Unless otherwise indicated, I will not make a tape recording of the hearing. If any of you desire a court reporter to record the hearing, it will be your responsibility to have a court

reporter present in your office.  Of course, you must advise me and opposing counsel at the commencement of the hearing that a record is being made.

I will do my best to resolve as many disputes as I can in this informal manner.  If, however, I determine that the issues require compliance with formal motions practice, I will so advise counsel.

*Given other demands of the civil and criminal docket and other impracticalities, the Court has no ability to provide "real time" rulings on discovery disputes, such as those that might arise during a deposition. If such disputes arise, do not call chambers seeking such a ruling. Instead, make your record, proceed as best you can, and submit position statements as you would for any other discovery disputes. Note that the party against whom the dispute is decided may well bear the cost of reconvening the deposition or other monetary sanctions as the situation warrants.*

                                Sincerely,

                                _____/s/_____

                                J. Mark Coulson
                                United States Magistrate Judge
                                Dated:  February 13, 2023